IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICARDO HARRIS, *et al.*,   )<br>  )<br>Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>GEORGIA DEPARTMENT OF   )<br>CORRECTIONS, *et al.*,   )<br>  )<br>Defendants.   ) | Case No. 5:18-cv-00365-TES |

## AMENDED DISCOVERY ORDER

On December 29, 2021, after certifying this matter as a class action, the Court instructed the Parties to "submit a new and updated discovery order" to accommodate for class discovery. (Doc. 121, p. 35).

The Parties met and conferred in good faith on two occasions via Zoom and exchanged several emails and proposed schedules, but were unable to agree upon a discovery schedule. The Parties' disagreement revolves around the deadline for fact discovery. The Parties largely agreed on the intervals for deadlines following the close of fact discovery, i.e., the specific discovery events and the number of days between deadlines to include in the schedule. The Court reviewed the parties' proposed schedules and sets the following dates for discovery in this case:

### DISCOVERY SCHEDULE

| EVENT | PLAINTIFFS' PROPOSED DEADLINE |
|---|---|
| Joint exchange of amended disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) | March 15, 2022 |
| Close of fact discovery | November 1, 2022 |
| Plaintiffs' expert reports due | November 22, 2022 |

| Plaintiffs to make their experts available for depositions | November 29 – December 20, 2022 |
|---|---|
| State's expert reports due | January 3, 2023 |
| The State to make its experts available for depositions | January 10 – February 1, 2023 |
| Plaintiffs' rebuttal expert reports due[1] | February 15, 2022 |
| Close of expert discovery | March 9, 2023 |
| Dispositive and *Daubert* motions due | April 7, 2023 |
| Responses in opposition to dispositive and *Daubert* motions due | May 7, 2023 |
| Replies in support of dispositive and *Daubert* motions | May 28, 2023 |

### DISCOVERY PLAN

The Parties also proposed the following discovery plan for the remainder of this action, which the Court adopts as jointly presented:

1. **Scope of Discovery:**

    a. Plaintiffs intend to pursue discovery related to Defendants' violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution with respect to deaf and hard of hearing people in Defendants' custody and subject to Defendants' decision-making authority. This discovery includes: Defendants' systems for identifying deaf and hard of hearing people in its custody and determining their preferred method of communication, Defendants' methods of tracking class members' preferred methods of communication, Defendants' provision of auxiliary aids and services to ensure equally effective communication with class members and to ensure constitutionally adequate care and treatment, including but not limited to sign language interpreters,

---

[1] The Parties agree that any rebuttal expert reports from Plaintiffs will be limited "to contradict or rebut evidence on the same subject matter identified" in the State's expert reports. See Fed. R. Civ. P. 26(a)(2)(D)(ii). The Parties also agree that the State may depose, or re-depose as may be, any purported expert who submits a rebuttal report for Plaintiffs in this action.

2

hearing aids, amplification devices, CART, Deaf Interpreters, and accessible telecommunications; Defendants' failures to provide reasonable modifications to avoid disability discrimination in its services, programs, and activities, including but not limited to: medical care, housing (including segregation or isolation), parole, education and programming.

b.  The State intends to pursue discovery related to Plaintiffs' claims, including any relief sought by Plaintiffs; the State's defenses; and any other relevant material or information pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2. **Requests for Production:** Requests for production under Rule 34 of the Federal Rules of Civil Procedure may not exceed twenty-five (25) to each party, including any requests for production served prior to the Court's class certification ruling (doc. 121). The Parties will confer in good faith, in an attempt to avoid involving the Court, if any party seeks to exceed the limitation on the number of requests for production. A party must show good cause for exceeding the limitation on the number of requests for production.

3. **Interrogatories:** Interrogatories under Rule 33 of the Federal Rules of Civil Procedure may not exceed thirty-five (35) to each party, including any interrogatories served prior to the Court's class certification ruling (doc. 121). The Parties will confer in good faith, in an attempt to avoid involving the Court, if any party seeks to exceed the limitation on the number of interrogatories. A party must show good cause for exceeding the limitation on the number of interrogatories.

4. **Requests for Admission:** Requests for admission under Rule 36 of the Federal Rules of Civil Procedure may not exceed forty (40) to each party, including any requests for admission served prior to the Court's class certification ruling (doc. 121). The Parties agree that

requests for admission propounded to authenticate documents are excluded from this limitation. The Parties will confer in good faith, in an attempt to avoid involving the Court, if any party seeks to exceed the limitation on the number of requests for admission. A party must show good cause for exceeding the limitation on the number of requests for admission.

5. **Site Inspections:** The Parties met and conferred on Plaintiffs' anticipated requests to visit GDC facilities for purposes of an inspection pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure. The State prepared its proposed discovery schedule based on an assumption of Plaintiffs requesting six (6) additional site visits. Plaintiffs do not yet know how many site visits they will request, as this will depend upon receipt of discovery about the location of class members. Plaintiffs recognize that site visits impose a burden on GDC's normal operations and agree to work with GDC in establishing protocols for site visits that protect the safety and security of GDC's operations, staff, and incarcerated people and minimize the burden on GDC to the greatest extent possible. Among other things, Plaintiffs agree that any representatives for Plaintiffs, including counsel and experts, will comply with all precautions requested by GDC related to reducing the risk of spreading COVID-19 during the course of any site visit.

6. **Depositions:** The Parties will be limited to twenty (20) depositions per side, including any depositions taken prior to the Court's class certification ruling (doc. 121). The limitation on the number of depositions does not include any expert depositions. The Parties will confer in good faith, in an attempt to avoid involving the Court, if any party seeks to exceed the limitation on the number of depositions. A party must show good cause for exceeding the limitation on the number of depositions. The Parties agree to meet and confer in advance of depositions to discuss deposition protocols, including discussion of auxiliary aids and services for deponents who are deaf or hard of hearing.

7.      **Discovery Disputes:** Before moving for an order related to discovery, including motions to compel or contested motions for protective order, the Parties will contact Cheryl Collins, the Court's Courtroom Deputy, to request a telephone conference with the Court.

SO ORDERED, this 2d day of February, 2022.

_____
TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE

5