## EXHIBIT A

## FACILITY INSPECTION PROTOCOL

Plaintiffs and Defendants Georgia Department of Corrections; Georgia Board of Pardons and Paroles; Timothy Ward, in his official capacity as Commissioner of the Georgia Department of Corrections; and Terry Barnard, in his official capacity as the Commissioner of the Georgia Board of Pardons and Paroles (collectively, "GDC"), agree, pursuant to the Court's Amended Discovery Order (doc. 123), that the following provisions shall apply to Plaintiffs' site inspection of Augusta State Medical Prison ("Augusta"), Pulaski State Prison ("Pulaski"), Macon State Prison ("Macon"), Central State Prison ("Central"), Georgia Diagnostic and Classification Prison ("GDCP"), Special Management Unit ("SMU"), and Death Row, each a "GDC Facility" or "Facility," and collectively the "GDC Facilities").

1. Subject to the terms of this Facility Inspection Protocol and the Court's Protective Order (doc. 31) and Amended Discovery Order (doc. 123), counsel for Plaintiffs may conduct facility inspections at the GDC Facilities for a maximum of one (1) day per facility. Each day of site visit(s) will consist of no more than seven (7) hours inspecting each GDC Facility.

2. Within ten (10) days of the disclosure of Plaintiffs' consultant(s) pursuant to the Court's Amended Discovery Order and/or within ten (10) days prior to attending any facility inspection, Plaintiffs' consultant(s) shall sign a confidentiality and non-disclosure agreement, approved by GDC's counsel, acknowledging that he or she will comply with the Protective Order with respect to any information and documentation provided by GDC or related to any facility inspection at a GDC Facility.

3. Plaintiffs' counsel and consultant(s) may be accompanied by sign language interpreters necessary for effective communication with deaf and hard of hearing counsel and consultant(s), and with class members. The term "counsel and consultant(s)" throughout this document will be read to include sign language interpreters.

4. Plaintiffs' counsel and consultant(s) will have the time at each GDC Facility identified above; provided, however that Plaintiffs' counsel and consultant(s) will conduct the facility inspection in a reasonable manner to limit, to the extent possible, unnecessary time "behind the walls," i.e., any area at an GDC Facility behind the secured perimeter fence. Plaintiffs' counsel and consultant(s)

may go "behind the walls" once during the applicable time at each designated GDC Facility. Once Plaintiffs' counsel and consultant(s) enter the facility to begin the inspection, their exit from the facility will conclude the inspection. No re-entry will be permitted upon exit of the facility, unless approved by GDC.

5.  The term "behind the walls" means that Plaintiffs' counsel and consultant(s) will receive reasonable access to the portions, other than the administrative areas (e.g., recordkeeping areas; janitorial and/or maintenance closets; and GDC, GDC vendors', and/or GDC contractors' office spaces) inside the secured perimeter of the facility as listed in Plaintiffs' "Notice of Site Inspection Under Federal Rules of Civil Procedure Rule 34," dated July 22, 2022 (the "Notice"). To limit unnecessary time "behind the walls" and to mitigate the disruption to each Facility's daily operations, Plaintiffs' counsel and consultants will receive access to three (3) of each of the following areas at each Facility:

  a. General population housing units;

  b. Segregation or administrative housing units;

  c. Classrooms;

  d. Meeting areas with television and/or video;

  e. Meeting rooms;

  f. Hallways, paths of travel, or destinations such as yards used by offenders who are placed in any isolation, segregation, or solitary unit;

  g. Areas with telecommunications, including videophones.

  h. Housing units for people with mental health conditions or suicidal people (limited to one attorney and two consultants, visiting consecutively, if any cell in a unit housing suicidal people is occupied at the time of the site visit);

  i. Medical clinics, including locations where sick call, medical, dental, and mental health care are provided;

    j.    Boxes, kiosks, or other locations where sick call, grievances, reasonable accommodations or other institutional communication with staff can be placed;

    k.    Areas with alarms, emergency alert devices, and evacuation maps;

    l.    Areas where announcements are given, intended to reach incarcerated people;

    m.    Life safety components of control rooms or control panels (limited to one attorney and one consultant, with no photography allowed).

Plaintiffs' counsel and/or consultant(s) will select the three (3) units to inspect of each of the areas listed above at each Facility.

6.    The inspection by Plaintiffs' counsel and consultant(s) will occur at the following dates and times, and at the following Facilities:

    a.    Augusta State Medical Prison, September 12, 2022, from 9:00 a.m. to 4:00 p.m.;

    b.    Pulaski State Prison, September 13, 2022, from 9:00 a.m. to 4:00 p.m.;

    c.    Macon State Prison, September 14, 2022, from 9:00 a.m. to 4:00 p.m.;

    d.    Central State Prison; September 15, 2022, from 9:00 a.m. to 4:00 p.m.;

    e.    Georgia Diagnostic and Classification State Prison; SMU, and Death Row, September 16, 2022, from 9:00 a.m. to 4:00 p.m.

7.    Plaintiffs and GDC agree that Plaintiffs' counsel and consultants will be permitted one (1) site inspection per GDC Facility in this action, unless otherwise

agreed in writing by GDC.

8. Up to three (3) attorneys for Plaintiffs may accompany Plaintiffs' consultant(s) on the inspection of each facility. Counsel for GDC will attend the site visit by Plaintiffs' counsel and consultant(s) in order to assist with the coordination and completion of the site visit.

9. Plaintiffs' counsel and consultant(s) shall bring a current, valid driver's license or valid government-issued identification with them for identification purposes at each GDC Facility. Plaintiffs' counsel and consultant(s) shall not enter any GDC facility with a cell phone, computer, or any other audio or visual recording device. Plaintiffs' counsel and consultant(s) may bring a digital camera, a handheld decibel-measuring device, notebook or binder with work product/documents/pictures, writing implement, tape measure, and paper or pad of paper so that the consultant(s) can take photographs, notes, and measurements "behind the walls." The digital camera may include video-recording capacity. Plaintiffs' counsel and consultant(s) agree to only take videos of demonstrations identified in Paragraph (11), below. Plaintiffs' counsel and consultant(s) understand that any materials brought are subject to a security search and approval for use by the facility staff.

10. Plaintiffs' counsel and consultant(s) may test or otherwise view a brief demonstration of three (3) units of fire alarms at each Facility.

11. Plaintiffs' counsel and consultant(s) may test any and all each of the following devices at each Facility, unless Defendants stipulate that the device is not functioning:

　　a. Videophones;

　　b. Amplified telephones;

　　c. TTYs;

　　d. Captioned telephones;

　　e. Video Remote Interpreting ("VRI") setups;

　　f. UbiDuo devices; and

4

> Any other telecommunications or equipment used to communicate by deaf and/or hard of hearing offenders.

GDC reserves the right to discontinue Plaintiffs' counsel and consultants' testing of a device listed above if such testing becomes disruptive.

12. Plaintiffs' counsel and consultant(s) shall be subject to the same rules and regulatory requirements as other visitors to GDC facilities, including, for example, rules and regulations concerning security procedures and COVID-19. For example, consistent with GDC's COVID-19 rules, Plaintiffs' counsel and consultant(s) must report before, during, and after the inspection any symptoms consistent with COVID-19. Plaintiffs' consultant(s) shall follow all instructions of GDC correctional staff with respect to the consultant(s)'s movement within the facility.

13. Before any facility inspection, all parties attending the inspection will, to the greatest extent possible, take actions to avoid coming into contact with COVID-19 or becoming a transmitter or spreader of COVID-19. Additionally, at least seven (7) days prior to the facility inspection, all parties attending the inspection shall provide written documentation to GDC, confirming whether such person has been fully vaccinated with the COVID-19 vaccination.

14. Upon arrival at the facility and during the facility inspection, Plaintiffs' counsel and consultant(s) shall wear personal protective equipment ("PPE") to the extent required by GDC. Plaintiffs' counsel and consultant(s) shall attempt to ensure proper social distancing (i.e., 6 feet apart), avoid crowds or groups of people, and routinely use sanitizer or other disinfectants during the facility visit.

15. However, in the event that Plaintiffs' site inspection is caused to be terminated before completion for reasons beyond Plaintiffs' counsel's or Consultant(s)'s control, Plaintiffs' counsel and consultant(s) will be allowed to continue the site inspection on a later date agreed upon by GDC, Plaintiffs' counsel, and Plaintiffs' consultant(s).

16. Subject to institutional, operational, and security needs as determined by the facility Warden or his or her designee and the other terms of this Agreement, Plaintiffs' counsel and consultant(s) will be afforded a security escort for the facility inspection and reasonable access to visit the following areas in each GDC Facility.

17.     Plaintiffs' counsel and consultants must stay together in one group at all times, for the duration of each site inspection.

18.    Generally, Plaintiffs' counsel and consultant(s) will be permitted to photograph the areas mentioned in paragraphs 5, 10, and 11 above, but only to the extent such photographs do not create a security risk, as determined by the Warden or his or her designee.  The Warden or his or her designee shall review any photographs taken with a digital camera after each photo is taken.  If the Warden or his or her designee reasonably determines that any photograph creates a security risk or otherwise jeopardizes facility operations, then Plaintiffs' counsel and consultant(s) shall immediately decide whether to either (a) delete such photograph, (b) retake the photograph in such a way that alleviates the security concern, or (c) leave the Secure Digital Memory Card ("SD card") containing such photograph with counsel for GDC who shall preserve such photograph pending further agreement of the parties or order of the Court. In the event that the SD card containing a disputed photograph is left with Defendants' counsel as described in 17(c), Defendants' counsel will produce to Plaintiffs' counsel within three (3) business days after the last day of the site inspections. Moreover, if any photograph taken by Plaintiffs' counsel or consultant(s) shows the face or any identifying characteristics of a person within the facility, then such photograph shall be edited to obscure the face and/or identifying characteristic prior to Plaintiffs' counsel and consultant(s) departing the facility.  If this cannot be accomplished, then the procedures in paragraph 17(a) or (b) above shall be followed.

19.    Plaintiffs' counsel and consultants will not be permitted to photograph any control rooms within any Facility.

20.    GDC hereby designates and labels all photographs taken during the site inspection as "Confidential," consistent with paragraph 16 above and the Court's Protective Order (doc. 31).  Plaintiffs shall Bates label and produce to GDC all photographs taken during the site inspection within ten (10) days of the site inspection, and shall label and treat all such photographs as "Confidential" pursuant to the designation of GDC.  Plaintiffs shall restrict access to all photos and videos taken to Plaintiffs' counsel and consultant(s) and for filing with the Court or trial or other uses only in litigation.  Plaintiffs' counsel may show Plaintiffs photos and videos taken of the Facilities, but Plaintiffs will not be provided with copies of any photographs or videos shown.

21.    Plaintiffs' counsel and consultant(s) will not interview or speak with,

other than passing greetings, any member of the medical, mental-health, or security staff at the facility or any employee, staff member, or volunteer of the facility or GDC, or contractor for the facility or GDC. Plaintiffs' counsel and consultant(s) will direct any questions regarding the areas of inspection they have during the inspection to the security escort or the GDC representative / counsel present during the inspection, and such persons will answer reasonable questions concerning the area in good faith and to the best of their ability. Plaintiffs' counsel and consultant(s) shall not request any documents during the inspection of the facility.

22. Plaintiffs' counsel and consultant(s) shall not intentionally interfere with the operations of the medical, mental-health, and/or security staff during the course of the inspection at the facility.

23. Plaintiffs' counsel and consultant(s) shall comply with all security procedures and protocols, including any security search, during the course of the inspection at the facility.

24. Plaintiffs' consultant(s) may conduct brief communications "through the bars" (generally not to exceed five minutes) with those class members who Plaintiffs' counsel or consultant(s) encounter and who consent to speak with him or her during the facility inspection. It is understood that Plaintiffs' consultant(s) will maintain appropriate social distancing and keep these cell-front interviews to a minimum to ensure limited contact with the inmate population during the facility inspection. Notwithstanding anything to the contrary in this Facility Inspection Protocol, Plaintiffs' consultant(s) shall not have cell-front interviews in any place where the Warden or his or her designee has a security concern. GDC agrees that, as to those facilities or portions of facilities, GDC will not attempt to discredit Plaintiffs' consultant(s)'s expert opinion on the grounds that her or she did not have "through the bars" contact with class members at those facilities or portions of those facilities. In those areas where Plaintiffs' consultant(s) is not permitted "through the bars" contact with class members, GDC agrees to provide Plaintiffs' consultant(s) at least one (1) day prior to the facility inspection with a list of class members who are housed in such areas. In the event that Plaintiffs' consultant(s) require more than five minutes to speak with a class member, GDC agrees to provide a meeting space for a longer conversation.

25. Except as expressly provided in this Facility Inspection Protocol, Plaintiffs' consultant(s) shall not have any contact or communication with persons, including, for example, staff and contractors, within the GDC facility during his or her facility inspection.

26.     GDC reserves the right to terminate the inspection at the facility in the event that Plaintiffs' counsel or consultant(s) fail to comply with the provisions of this Agreement. If Plaintiffs' counsel believes such termination is unreasonable, Plaintiffs' counsel will address this concern to GDC's counsel and attempt to resolve the matter in good faith. Plaintiffs' counsel reserves the right to move the Court to order further inspection at the facility in the event that counsel cannot resolve the matter.