THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICARDO HARRIS, *et al.*,            )
                                     )
       Plaintiffs,              )
                                     )
v.                                   )
                                     )   CIVIL ACTION NO. 5:18-CV-365 (TES)
                                     )
THE GEORGIA DEPARTMENT OF            )
CORRECTIONS, *et al.*,               )
                                     )
       Defendants.              )

## AMENDED PROTECTIVE ORDER

This matter is before the Court on the parties' joint motion to amend the Protective Order (Doc. 31). Having considered the law and facts, and for good cause shown, the motion is **GRANTED**, and it is **ORDERED** that documents produced in discovery in this matter shall be protected as follows:

### I.  GENERAL PROVISIONS

1. Documents shall presumptively be subject to the provisions of this Order if they are prominently marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on each page containing information believed to qualify as such.

2. Copies of any documents produced in discovery and marked as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," shall be distributed only to (a) the members of the legal or support staff of the parties' attorneys, including paralegals, investigators, and consulting or testifying experts; and (b) the Court or its personnel.

3. Counsel for a party shall be permitted to show any document marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" to any party or witness in

connection with a deposition or interview pertaining to this case, with the exception that such documents shall not be shown to any Plaintiff or inmate-witness if said documents contain identifying information of other inmates. If it is necessary for a Plaintiff or inmate-witness to review a document marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" that contains information regarding other inmates, counsel will be responsible for redacting the identifying information of any other inmates from the document prior to review.

4. If any document marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or " HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" is filed with the Court, the document containing the confidential information shall be filed under seal or with the confidential information redacted, following the Court's applicable rules for such filing.

5. Copies of any documents produced in discovery and marked as "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be distributed only to (a) the members of the legal or support staff of the parties' attorneys, including paralegals, investigators, and consulting or testifying experts; and (b) the Court or its personnel.. A disclosing party reserves the right, in advance of production to the opposing party, to redact in good faith any highly sensitive detail within such designated document not relevant to movement of incarcerated people or practices, the disclosure of which could compromise the safety or security of a correctional facility or correctional operation, to include staging locations for correctional staff, codes used by security staff to communicate with other security staff, or pre-established transportation routes.

6. Counsel for a party shall, in connection with a deposition or interview, be permitted to show any document marked "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY –

SUBJECT TO PROTECTIVE ORDER" only to those individuals who fall within one of the categories of persons capable of receiving such information, in accordance with Paragraph 5; witnesses designated under Rule 30(b)(6) to testify at deposition on topics addressed in such documents; and witnesses who have access to such documents in their ordinary course of business. The parties agree to negotiate in good faith in advance of depositions of fact witnesses in which a party wishes to introduce documents marked "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7. A disclosing party may designate as "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" any portion of a transcript from a deposition deemed to contain such material. The disclosing party shall orally advise the court reporter at the end of the deposition that a portion of the transcript may contain such information. Within 30 days of receipt of such transcript, the disclosing party shall provide written designation of those portions of the transcript containing "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" information. During that 30 day period, the parties shall treat the entire transcript as subject to such designation as stated at the end of the deposition. Upon receipt of such designations, the court reporter will mark the transcript as "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and include an obvious legend on the title page of the transcript that lists all of the pages, including line numbers, that have been designated as such. The use of a document as an exhibit at a deposition, hearing, or trial shall in no way affect its designation as "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

8. This Protective Order does not govern how the Court will handle documents marked as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" at in-court evidentiary hearings and trial. This Order also shall not prejudice in any way the rights of any party to introduce as evidence at evidentiary hearings or trial any document, testimony, or other evidence subject to this Protective Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order. A party that intends to present or that anticipates that another party may present "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" documents, testimony, or other evidence at an in-court evidentiary hearing or trial shall bring that issue to the Court's and parties' attention by motion, pretrial memorandum, or other method approved by the Court, by disclosing the nature of the information without disclosing the particulars of the "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" material. The Court will thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

9. Any person or entity in possession of designated "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" information shall maintain those materials in a secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it. Anyone who is entitled to receive this information shall also be shown a copy of this Amended Protective Order and advised of its contents. Within 90 days after the final disposition of this action, including any appeals, those in possession of "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBECT TO PROTECTIVE

ORDER" information shall either return that information to the disclosing party or certify in writing to the disclosing party that such information has been destroyed.

10. Documents should not be designated as confidential as a matter of course. Mere agreement by the parties that documents should be designated as confidential does not automatically satisfy the Fed. R. Civ. P. 26(c) good cause standard. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). Good cause will generally only be established where the materials (e.g., documents or testimony) contain trade secrets, personal identifying information, personal health information protected by the Health Insurance Portability and Accountability Act, sensitive commercial information, or also in this case information the disclosure of which would impact prison safety or security, or reveal confidential or sensitive information regarding inmates who are not parties to this litigation, and where public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). By designating a document "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," counsel represent that they have a good faith belief that the designated document or material merits protection in one of these ways or that there is other good cause for protection of the document or material.

11. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall provide written notice of each designation it

is challenging and describe the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and confer directly within 14 days of the date of service of notice. If the parties cannot resolve a challenge without court intervention, the party who designated the material as confidential may file and serve a motion to retain confidentiality within 14 days of service of the notice. Each such motion must be accompanied by a good faith conference certificate. The burden of persuasion shall be on the designating party. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to treat the material as confidential until the Court rules on the challenge.

12. At the request of any person, or on its own motion, the Court may order that documents designated confidential be filed in the Court's public database in un-redacted form, or with such redactions as the Court may order.

13. The Court and its authorized personal are not parties to the agreement and are not bound by its terms.

14. Nothing in this protective order shall be construed as relieving any party from any obligation imposed by Local Rule 5.4 regarding privacy protections for filings made with the Court.

15. Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

## II. PROTECTED HEALTH INFORMATION

### A. Definitions

16. "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at Titles 18, 26 & 42 U.S.C. (2003), with the privacy rule codified 42 U.S.C. §§ 1320d – 1320d-9.

17. "PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, collected from an individual and created or received by a health care provider, health plan, employer, or health care clearinghouse that relates to: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

18. "Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2003).

19. "Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

20. "Signatories" means all parties to this litigation, their attorneys, and all nonparties that a court may subsequently recognize as a signatory of this qualified protective order.

**B.     Terms and Limitations**

21. The Signatories are familiar with HIPAA and the Privacy Standards.

22. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third parties, and non-parties to other parties, third-parties, and nonparties and their attorneys and representatives.

23. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this litigation.

24. The Signatories agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

25. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

26. The Signatories agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI during the course of this lawsuit shall destroy said PHI or return it to the covered entity from which it obtained the PHI.

SO ORDERED this 28th day of December, 2022.

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA